JOURNAL ENTRY AND OPINION
Appellant, Donald Green, is appealing his convictions for aggravated robbery and carrying a concealed weapon. For the following reasons, we reverse and remand.
Appellant moved to suppress the identification made by the victim, Russell Forkapa. Forkapa testified that he was robbed by two black men, both wearing ski masks. The robbery took place at 11:50 p.m., and the lighting was "medium to poor." Forkapa could not see the robber behind him. After the robbery, Forkapa called the police and described the robber in front of him as 5'9" to 5'10", 170 to 180 pounds, large lips and wearing a black zip-up sweatshirt, dark jeans and tennis shoes.
Forkapa further testified that one and a half days later, Forkapa met with Detective John Riedthaler at the police station. Riedthaler showed Forkapa a photo array. Forkapa could not identify anyone. Forkapa told the detective that he could not see the photos because the doctor had dilated his pupils. Forkapa did not recall the detective picking out two of the photographs and identifying them as the robbers. Forkapa's mother read his statement to him and Forkapa signed the statement.
Forkapa testified that ten days after the robbery, he appeared in the Cleveland Municipal Court as a witness. Appellant and another man, both wearing orange jump-suits, were brought up to the bench for Forkapa's case. Forkapa identified appellant as the robber who stood in front of him, but he could not identify the other man.
Detective John Riedthaler testified that before he showed Forkapa the photos, Forkapa described the robber that was standing in front of him. Forkapa said the ski masks had holes for the eyes and mouth. When he was showing Forkapa the photos, Forkapa's vision was impaired, but he appeared to be able to see adequately. Forkapa read his statement and signed it. Riedthaler may have selected the two photos of the suspects from the line-up, and shown them to Forkapa, but he was not sure.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO SUPPRESS THE VICTIM'S IN-COURT IDENTIFICATION OF THE APPELLANT.
An eyewitness identification will be suppressed if the confrontation procedure was unnecessarily suggestive and the identification was unreliable under the totality of the circumstances. Manson v. Brathwaite (1977), 432 U.S. 98,97 S.Ct. 2243, 53 L.Ed.2d 140. The factors to be considered in determining whether an identification was reliable include: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Id.; Neil v. Biggers (1972). 409 U.S. 188,93 S.Ct. 375, 34 L.Ed.2d 401; State v. Jells (1990), 53 Ohio St.3d 22. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. Manson v. Braithwaite;Neil v. Biggers, supra.
The identification procedure was highly suggestive because Forkapa identified appellant when appellant was brought up for the case wearing a prison uniform. See State v. Pearson (1996),114 Ohio App.3d 168. The procedure may have even been more suggestive, because Detective Riedthaler testified that he may have pulled the suspects' pictures out of the line-up and shown them to the victim. The circumstances also include the fact that Forkapa could not pick appellant out of the photographic line-up. Forkapa asserted he was having trouble seeing, but Detective Riedthaler felt the victim could see adequately.
As for the reliability of the identification, Forkapa had a limited view of the robber. The robber wore a mask and it was dark. Forkapa testified that his attention was focused on the man in front of him, and the gun he was holding. Forkapa gave a limited, albeit accurate description to the police. Forkapa was incorrect as to the color of appellant's pants. Forkapa said the robber was wearing dark pants, but appellant was wearing light colored pants when he was arrested. The confrontation occurred ten days after the robbery. Forkapa was certain that appellant was the man who robbed him.
The identification was not so reliable as to outweigh the highly suggestive identification procedure which occurred in this case. See State v. Pearson, supra. The identification was unreliable in the totality of the circumstances. The motion to suppress the identification should have been granted.
Accordingly, this assignment of error is sustained.
 II.
Appellant's second and third assignments of error state:
 THE APPELLANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTION PRESENTED EVIDENCE THAT APPELLANT WAS ON PAROLE.
 THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Due to our disposition of appellant's first assignment of error, these assignments of error are moot.
Accordingly, these assignments of error are overruled as moot.
The decision of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL. J., ANDKAPPTNSKI. J., CONCUR.
___________________ ANN DYKE PRESIDING JUDGE